# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MULLINIKS, | CASE NO. 1:11-cv-01235-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM |
| v. | |
| WASCO STATE PRISON WARDEN, et al., | (ECF No. 11) |
| Defendants. | CLERK TO CLOSE CASE |

### SCREENING ORDER

**I.   PROCEDURAL HISTORY**

Plaintiff Steve Mulliniks ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 27, 2011 and consented to Magistrate Judge jurisdiction on August 16, 2011. (ECF Nos. 1 & 5.) The Court dismissed Plaintiff's original complaint with leave to amend. (ECF No. 10.) On September 1, 2011, Plaintiff filed a First Amended Complaint. (ECF No. 11.) No other parties have appeared.

Plaintiff's First Amended Complaint is now before the Court for screening. For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which

relief may be granted.

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff appears to be alleging violations of the Fourteenth Amendment. Plaintiff names Wasco State Prison Warden and Correctional Officers at Wasco State Prison as Defendants.

Plaintiff states that cops are spreading lies about him in relation to him molesting children. Plaintiff appears to state that he is not a sex offender. Plaintiff makes other statements about stuff being thrown in his food.

Though not entirely clear, it appears that Plaintiff seeks injunctive relief.

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff appears to claim that he is not a sex offender, but that "cops" are call him one. This appears to be a due process argument.

A prisoner does not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Rather, the Fourteenth Amendment provides that a prisoner "has a right not to be deprived of a protected liberty interest without due process of law." Id. Thus, as long as a prisoner receives proper procedural due process, a claim based on the falsity of disciplinary charges, standing alone, does not state a constitutional claim. Id.; Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984). Under the Due Process Clause, a prisoner is entitled to certain procedural protections when he is charged

with a disciplinary violation. Wolff v. McDonnell, 418 U.S. 539, 564-571 (1974). These protections include a written notice at least twenty-four hours before the disciplinary hearing, an opportunity to call witnesses and present documentary evidence, and a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken. Id.

Here, Plaintiff makes statements about being falsely accused of being a sex offender. He states nothing else related to this claim. He does not state that he has suffered any consequences because of this, he fails to attribute responsibility of these accusations to any named Defendant, and he fails to state anything else which would lead the Court to find a liberty interest violation. Because Plaintiff makes no allegations that he did not receive proper procedural due process, his due process claim remains incognizable. See e.g. Williams v. Cal. Dep't of Corr. & Rehab., 2010 WL 935753, *7 (C.D.Cal. Jan.4, 2010); Rodgers v. Reynaga, 2009 WL 62130, *2 (E.D.Cal. Jan.8, 2009). Therefore, any due process claim fails.

The Court also notes that wounds to one's dignity are not Eighth Amendment violations. "[V]erbal harassment or abuse . . . [alone] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted). Thus, if Plaintiff is also attempting to allege an Eighth Amendment violation, it too fails.[1]

Finally, Plaintiff again failed to include any of the named Defendants in the statement of the case. Under Section 1983, Plaintiff must demonstrate that each named

---

[1] The Court notes that in the original complaint, Plaintiff had made reference to physical injuries he had (black eyes, cuts, knots on his head). Plaintiff fails to mention any physical injuries in his First Amended Complaint. An amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case.

Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

Plaintiff was previously notified of the relevant legal standards and the deficiencies in his prior complaint. However, he again filed an incoherent amended complaint where he rambles on about similar things as in the original. He obviously failed to use the Court's guidance from its Screening Order in preparing his amended complaint. Because Plaintiff's Amended Complaint again fails to state a claim against any named Defendant, the Court will dismiss this claim without further leave to amend.

## V.    CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, Plaintiff filed two complaints and received substantial guidance from the Court in its Screening Order. (ECF Nos. 1, 11,

& 8.) Even after receiving the Court's guidance, Plaintiff failed to make alterations or to include additional facts to address the noted deficiencies. Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore orders that further leave to amend not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, based on the foregoing, the Court HEREBY ORDERS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   September 7, 2011

UNITED STATES MAGISTRATE JUDGE